FILED
SUPERIOR COURT
OF GUAM

2018 JUN 13 AM 9: 29

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

CRAIG A. MACAN

Plaintiff,

vs.

MARISSA C.R. TIGIL

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case No. DM0121-18

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on April 26, 2018 upon Defendant's Motion to Dismiss. Attorney Daniel S. Somerfleck, Esq. represents Plaintiff Craig A. Macon and Attorney Gary Wayne Francis Gumataotao, Esq. represents Defendant Marissa C.R. Tigil.

## BACKGROUND

This matter arises out of Plaintiff's February 26, 2018 Complaint for Child Custody and Support. On March 19, 2018, Defendant filed a Motion to Dismiss, arguing that Plaintiff has failed to state a claim as a matter of Guam law. Mot. at 1.

## FACTS

1. The parties were never married and as a result of their relationship have one (1) minor child, a daughter named A.J.T.M. (DOB 09/15/2015).
2. Plaintiff is listed as the father on the minor child's birth certificate.
3. The minor child has lived on Guam since her birth.
4. The minor child is currently in the physical custody of Defendant.
5. On February 26, 2018, Plaintiff filed a Complaint for Child Custody and Support, in which he requested joint legal and joint physical custody of the minor child, with the parties alternating physical custody on a weekly basis.

**ISSUES**

1. Whether the parties' minor child is legitimate or illegitimate.

**PRINCIPLES OF LAW**

**Legitimacy of a child under Guam law.**

Guam law provides that custody of an illegitimate child is to be granted solely to the child's mother.

> **19 GCA § 4109. Custody; Illegitimate Child.**
> The mother of an illegitimate unmarried minor is entitled to its custody, services, and earnings.

If a child is legitimate, however, Guam law provides that both parents are equally entitled to custody.

> **§ 4106. Custody.**
> The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. If either the father or mother be dead or unable or refuse to take the custody or has abandoned his or her family, the other is entitled to its custody, services and earnings.

Guam law further provides several avenues by which a minor child may be deemed legitimate.

> **19 GCA § 4124. Legitimation of Children.**
> (a) A child is considered legitimate for all purposes if:
> (1) The parents of the child were married at the conception of the child or at anytime after the conception of the child, and before the child's eighteenth birthday; or
> (2) The child is legitimate on the effective date of this Act; or
> (3) The child is legitimate under the laws of the place of his birth; or
> (4) If the parents have jointly executed an affidavit before the eighteenth birthday of the child, affirming that the signatories are the natural, biological parents of the child, affirming the paternity of the child, indicating the birthrate of the child, and affirming their desire to legitimate the child. Any such affidavit shall be conclusive as to the legitimacy of the child. The Director of Public Health may make appropriate changes as to parentage, name, and other matters on the child's birth certificate based on such affidavit.

**Motion to Dismiss for failure to state a claim upon which relief can be granted.**

Rule 12 of the Guam Rules of Civil Procedure allows a responding party to move for the dismissal of a cause of action for failure to state a claim upon which relief can be granted.

Guam R. Civ. P. 12(b)(6). In ruling on such a motion, the "court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." Core Tech Intern. Cold. v. Hamil Engineering & Const. Co., Ltd., 2010 Guam 13 ¶ 29 (citing Mercado Arocho v. U.S., 455 F.Supp.2d 15, 19 (D.P.R. 2006)).

A dismissal based on Rule 12(b)(6) is not proper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the Court must "take as true the material facts as alleged," "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." Id. (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976) and Clegg v. Cult Awareness Network, et al., 18 F.3d 752, 754-55 (9th Cir. 1994)). Further, the Court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Id.

**ANALYSIS**

**Legitimacy of the minor child.**

If the minor child is deemed legitimate, Plaintiff is equally entitled to custody under 19 GCA § 4109. Plaintiff argues that the minor child is legitimate under 19 GCA § 4124(a)(4), which states that a minor is legitimate if "the parents have jointly executed an affidavit before the eighteenth birthday of the child, affirming that the signatories are the natural, biological parents of the child, affirming the paternity of the child, indicating the birthrate of the child, and affirming their desire to legitimate the child." Plaintiff contends that the child's birth certificate, which lists Plaintiff as the father, satisfies the requirements of Section 4124(a)(4).

Additionally, Plaintiff filed a Declaration along with his Opposition to the Motion to Dismiss in which he states the following: "At the time of our daughter's birth or shortly thereafter, I believe we executed and [sic] Affidavit that we were the parents." Defendant argues that the birth certificate does not constitute a jointly executed affidavit affirming the paternity of the child.

Defendant is correct in his argument that the birth certificate itself does not meet the requirement of an affidavit pursuant to Section 4124, as that section requires the parties to be

"signatories" to the affidavit. The birth certificate does not include the signatures of either parent. However, the Court notes the existence of a form titled "Declaration of Paternity" which is available on the website of the Office of the Attorney General of Guam. This form states the following:

> This document, when completed properly, legally establishes the father and child relationship when the father is not married to the child's mother. *It allows the father's name to be on the child's birth certificate.* It creates certain legal rights and responsibilities for the mother, father, and child. (Emphasis added).

The second page of the form provides for the signatures of both father and mother. Plaintiff has not provided the Court with a copy of this form completed by the parties, but the language of the form suggests that Plaintiff's name would not have been included on the birth certificate unless the Department of Public Health & Social Services was in possession of a completed version of this form at the time the certificate was issued.

**Motion to Dismiss for failure to state a claim upon which relief can be granted.**

Defendant argues that the minor child is illegitimate under Guam law and that she, as the mother of the minor, is entitled to full custody under 19 GCA § 4109. If the child is indeed illegitimate, Plaintiff would lack any legal argument to infringe upon Defendant's statutory right to custody of the minor child. Because, however, the Court finds that there are factual questions to be resolved before a determination can be made regarding the child's legitimacy, this matter is not appropriate for dismissal. For the same reasons, the Court rejects Defendant's argument for summary judgment at this time.

**CONCLUSION AND ORDER**

Based on the forgoing, Defendant's motion is DENIED.

SO ORDERED, this 13th day of June 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 4 of 4